CENTRAL LAND CO. *v.* TOWNSHIP OF CLEARWATER.

1. APPEAL AND ERROR—REQUESTED FINDINGS NOT IN RECORD NOT CONSIDERED.

Whether the trial court erred in not finding the facts as requested by defendant may not be considered by the Supreme Court, where the requested findings are not in the record.

2. JUDGMENT—RES ADJUDICATA.

An adjudication in a chancery case, unappealed from, that the title to land sought to be condemned by a township for highway purposes was still in the owner because of the township's failure to condemn the owner's flowage rights, a separate and distinct property interest, is *res adjudicata* of the rights of the parties in ejectment brought against the township by the owner.

Error to Kalkaska; Lamb (Fred S.), J. Submitted October 4, 1928. (Docket No. 63, Calendar No. 33,810.) Decided December 4, 1928.

Ejectment by the Central Land Company against the township of Clearwater. Judgment for plaintiff. Defendant brings error. Affirmed.

*Turner & Boyd,* for appellant.

*John C. Shields* and *A. W. Penny,* for appellee.

POTTER, J.    Plaintiff brought ejectment against
defendant for property described in plaintiff's. dec-
laration.. Defendant pleaded the general issue, and
claimed.the premises in question were a portion of
Spencer Creek highway; that in laying out the high-
way it had condemned the right of way, and there-
fore the matters involved were not triable in eject-
ment.   There were no requests for specific findings
of fact, nor exceptions filed to the findings of. fact
and law as made. The case is here on error.   It is
claimed the court erred in not finding the facts as
requested by defendant.   These requests are not in
the record and cannot be considered.   The only ques-
tion to be considered is whether the findings of fact
support the conclusions of law.   It appears that
after the alleged condemnation proceedings by the
defendant, plaintiff instituted a suit in chancery at-
tacking the condemnation proceedings, that findings
of fact were made in the chancery case and a decree
entered.   No appeal was taken.   In the chancery
case it appeared that at the time the condemnation
proceedings were taken and carried through by the
highway commissioner, the plaintiff owned and pos-
sessed rights of flowage over, across, and upon the
lands and premises involved in this case; that no
attempt was made in the condemnation proceedings
to condemn those rights nor to compensate the plain-
tiff for the injury thereto; that the laying out of
the highway would seriously interfere with the flow-
age rights of plaintiff; that the highway was a high-
way by user only and should be limited to the lands
and premises actually occupied; and that the plain-
tiff had two separate and distinct property interests,

namely, the title to the land and the flowage rights; that the condemnation proceedings did not take the flowage rights; that the flowage rights were a right of property, independent of the ownership of the fee of the lands, and could not be taken by the proceedings to condemn the land alone. The court found the question sought to be raised by the pleadings in this case had been adjudicated in the chancery case, and that the plaintiff was entitled to the lands and premises covered by the declarations. Judgment was entered for the plaintiff, and defendant brings error.

Briefly, the plaintiff claims the chancery case adjudicated its rights. The defendant claims the chancery case was without jurisdiction because the condemnation proceeding had adjudicated its rights. If, as here claimed, the condemnation proceedings adjudicated plaintiff's rights, they should have been pleaded as former adjudication in bar to the chancery proceedings. If they were so pleaded, the chancery court overruled the plea. It entered a decree for plaintiff. It had jurisdiction of the subject-matter and of the parties. That decree is in full force and effect and is conclusive on this record of the rights of the parties.

Judgment affirmed, with costs to plaintiff.

Fead, C. J., and North, Fellows, Wiest, Clark, McDonald, and Sharpe, JJ., concurred.